IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01308-PAB-MJW

UNITED STATES OF AMERICA,

Plaintiff,

v.

2000 Ford F350 VIN IFTSW31F7YEE14211,

Defendant.

---

**RECOMMENDATION REGARDING
CLAIMANT, LUIS OLIVAS-AGUIRRE'S MOTION FOR LEAVE TO FILE OUT OF
TIME (DOCKET NO. 18)**

---

**Entered by United States Magistrate Judge Michael J. Watanabe**

This matter is before the court on Claimant, Luis Olivas-Aguirre's Motion for Leave to File Out of Time (docket no. 18). The court has reviewed the subject motion (docket no. 18), the response (docket no. 23), the reply (docket nos. 27 and 30), and the response thereto (docket no. 32). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and recommendation.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

    1.    That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That this case is a civil asset forfeiture in rem action, which is governed by 18 U.S.C. § 983 and the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. Supplemental Rule A.  Pursuant to these provisions, once the Verified Complaint is filed, in order to intervene and become a party, an individual must first file a Claim within thirty (30) days of receiving Notice of the action, and then must file an Answer within twenty (20) days of filing the Claim.  See 18 U.S.C. § 983(a)(4); Supplemental Rule G(5);

5. That an administrative forfeiture proceeding was originally initiated against the defendant vehicle described as a 2000 Ford F350 VIN 1FTSW31F7YEE14211 (hereinafter "defendant vehicle") by the Drug Enforcement Administration, and in November 2008, Luis Olivas-Aguirre filed an administrative claim through his attorney Adam Tucker, Esquire, of the law firm of Springer and Steinberg, P.C.;

6. That upon receipt of the administrative claim by Luis Olivas-Aguirre, the forfeiture was referred to the United States Attorneys' Office for the District of Colorado for consideration of a judicial forfeiture.  After Claimant's (Luis Olivas-Aguirre's) guilty

3

plea was entered in the underlying criminal case (USA v. Luis Olivas-Aguirre, et al., case no. 08-CR-00434-MSK), the Verified Complaint (docket no. 1) was filed on June 4, 2009. The court's order (docket no. 3) and warrant (docket no. 4) were issued on June 12, 2009. The defendant vehicle was arrested on June 16, 2009 (docket no. 6), and Notice was sent to Claimant (Luis Olivas-Aguirre) and counsel on June 25, 2009 (docket nos. 7 and 8), and received by Claimant (Luis Olivas-Aguirre) on June 26, 2009, and counsel on June 26, 2009. See attachments 2 and 3 to the United States' Response in Opposition to Motion for Leave to File Out of Time (docket no. 23) and also see paragraph 5 in the Claimant's (Luis Olivas-Aguirre's) Motion for Leave to File Out of Time (docket no. 18);

7. That any Claim was due by late July 2009, and an Answer was due by mid-August 2009;

8. That on September 22, 2009, the United States filed its Motion for Entry of Default as to defendant vehicle (docket no. 14);

9. That on September 25, 2009, a Clerk's Default was entered (docket no. 14);

10. That on September 29, 2009, the United States filed its Motion for Default Judgment (docket no. 15);

11. That on October 5, 2009, Claimant (Luis Olivas-Aguirre) filed the

4

        subject motion captioned Motion for Leave to File Out of Time (docket no. 18) and also filed an Answer to the Complaint (docket no. 19);

12. That in paragraph 3 of the Claimant's subject motion (docket no. 18), it states:

> "Prior to April 3, 2009, counsel for Claimant, via attorney Adam Tucker, and AUSA James Russell again reached a mutual agreement wherein the United States would file the complaint in June 2009. It is believed that the purpose of continuing the complaint's filing was that the companion criminal proceeding was nearing a conclusion.";

13. That the purpose of the time restriction is to require claimants to enter as soon as possible after forfeiture proceedings have been initiated so that the matter can be resolved without delay. <u>U.S. v. One Parcel of Real Property Known as 16614 Cayuga Road</u>, 69 Fed. Appx. 915, 921 (10th Cir. 2003); <u>U.S. v. 51 Pieces of Real Property Roswell, N.M.</u>, 17 F.3d 1306, 1318 (10th Cir. 1994);

14. That courts have held that it is not an abuse of discretion for the district court to require strict compliance with the time restriction. <u>U.S. v. 2687 S. Deframe Circle, Lakewood, Colo.</u>, 208 F.3d 228 (Table) (10th Cir. Feb. 24, 2000) (citing cases). See <u>U.S. v.</u>

5

$22,200 in United States Currency, 2007 WL 1089782 (D. Colo. Apr. 10, 2007); and

15. That this court does not find "good cause" to allow the Claimant (Luis Olivas-Aguirre) to now file his Answer out of time, noting that the Claimant (Luis Olivas-Aguirre) and his counsel both had multiple notices of the filing of this forfeiture case, and nothing prevented the filing of a timely Answer by the Claimant (Luis Olivas-Aguirre). See U.S. v. 1979 30-Foot Sea Ray, 2000 WL 1889676, *1 (N.D. Ill. Dec. 28, 2000).

### RECOMMENDATION

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **RECOMMENDS**:

1. That Claimant, Luis Olivas-Aguirre's Motion for Leave to File out of Time (docket no. 18) be **DENIED**; and

2. That each party pay their own attorney fees and costs for this motion.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file**

6

**and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. <u>Makin v. Colorado Dep't of Corrections</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Done this 7th day of January 2010.

>BY THE COURT
>
>s/ Michael J. Watanabe
>MICHAEL J. WATANABE
>U.S MAGISTRATE JUDGE