**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Philip A. Brimmer**

Civil Case No. 09-cv-01308-PAB-MJW

UNITED STATES OF AMERICA,

    Plaintiff,

v.

2000 FORD F350 VIN 1FTSW31F7YEE14211,

    Defendant.

_____

**ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION**
_____

    This matter is before the Court on the Recommendation of United States Magistrate Judge Michael J. Watanabe filed on January 7, 2010 [Docket No. 37]. The Recommendation states that objections to the Recommendation must be filed within fourteen days after its service on the parties. *See also* 28 U.S.C. § 636(b)(1)(C). The Recommendation was served on January 7, 2010. No party has objected to the Recommendation.

    In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings"). In this matter, I have reviewed the Recommendation to

satisfy myself that there is "no clear error on the face of the record."[1] See Fed. R. Civ. P. 72(b), Advisory Committee Notes. Based on this review, I have concluded that the Recommendation is a correct application of the facts and the law. Accordingly, it is

**ORDERED** as follows:

1. The Recommendation of United States Magistrate Judge [Docket No. 37] is ACCEPTED.

2. Claimant Luis Olivas-Aguirre's Motion for Leave to File Out of Time [Docket No. 18] is denied.

3. Each party shall bear its own attorneys' fees and costs for the motion.


DATED February 16, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

---

[1] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b).